Senator Fred E. Anderson President of the Senate State Capitol Building Denver, Colorado 80203
Dear Senator Anderson:
The following constitutes my informal opinion in response to your question concerning the constitutionality of H.B. 1080 which would authorize the holding of sweepstakes races.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Is H.B. 1080, authorizing the holding of sweepstakes races, constitutional?
 My conclusion is that first, there does not seem to be any question that sweepstakes races constitute a lottery within the meaning of the term in Section 2 of Article XVIII of the Colorado Constitution. In distinguishing pari-mutuel betting from lotteries, the court in Ginsberg v. Centennial Turf Club, 126 Colo. 471, 251 P.2d 929 (1952), emphasized the fact that a lottery is essentially a game of chance, while in pari-mutuel betting the bettor makes a choice which is based on various factors. As I understand the concept of a sweepstakes race, tickets or "chances" are sold on a random basis and a purchaser is in no way involved in the selection of a particular horse. It would thus be a game of chance and a lottery as defined in the Ginsberg case.
ANALYSIS
The more difficult question is whether such a lottery may be authorized by a referred law in view of the limiting provisions of Section 2 of Article XVIII. Section 2 states in part that "The General Assembly shall have no power to authorize lotteries for any purpose. . ." Former Attorney General John Moore, in his memorandum of August 29, 1974 interpreted this prohibition to apply only to laws passed by the General Assembly and not to initiated or referred laws. His position has merit, particularly in view of the tendency of courts to sustain laws passed by popular vote. In the Ginsberg case, supra, the court said:
 In the instant case the questioned law was adopted by a substantial majority of the voters of the state, and the act should not be voided on constitutional grounds if it can be harmonized with the constitution by construction which has foundation in reason and logic.id. at p. 477.
On the other hand, Section 2 of Article XVIII also states that:
 This section is self-enacting, but laws may be enacted supplementary to and in pursuance of, but not contrary to, the provisions hereof.
This prohibition would appear to apply to laws from whatever source.
I would suggest that the question is close enough that it may require resolution in a court of law. Since we are dealing with a constitutional provision which is restrictive in nature, the safest approach would be to amend the constitution to allow sweepstakes races. I note that the same popular vote is required in either case, and so long as the question is being submitted to the voters you may wish to consider the constitutional amendment procedure.
SUMMARY
A sweepstakes race is a lottery within the meaning of Colo. Const. Art.XVIII, § 2. It is unclear whether a sweepstakes race could be authorized by a referred law and the safest course would be to proceed by constitutional amendment.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
 SINCE ITS ISSUANCE THIS
 OPINION LETTER WAS ADOPTED
 AS A FORMAL OPINION OF THE
 ATTORNEY GENERAL BY ATTORNEY
 GENERAL J.D. MacFARLANE
LEGISLATIVE BILLS
GAMBLING
H.B. 1080 (1975)
Colo. Const. art. XVIII, § 2
LEGISLATIVE BRANCH
Senate

A sweepstakes race is a lottery within the meaning of Colo. Const. art. XVIII, § 2. It is unclear whether a sweepstakes race could be authorized by a referred law and the safest course would be to proceed by constitutional amendment.